IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES J. NAVAJA, | ) CIVIL 15-00344 LEK-RLP |
| Plaintiff, | ) |
| vs. | ) |
| HONOLULU ACADEMY OF ARTS, STEPHAN JOST DIRECTOR, CHRIS ATHERALL, LINDA FERRARA, JAME HUSBAND, | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS VERIFIABLE QUI TAM COMPLAINT FOR EMPLOYMENT FRAUD, HARASSMENT, DISCRIMINATION, RETROACTIVE BACK PAY, FRAUD**

Before the Court is Defendants Honolulu Academy of Arts ("HAA"), Stephan Jost, Chris Atherall, Linda Ferrara, and Jame Husband's ("Defendants") Motion to Dismiss Verifiable Qui Tam Complaint for Employment Fraud, Harassment, Discrimination, Retroactive Back Pay, Fraud ("Motion"), filed on January 12, 2016. [Dkt. no. 18.] Pro se Plaintiff James J. Navaja ("Plaintiff") has not filed any response to the Motion. On February 11, 2016, this Court issued an entering order finding this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 20.] After careful consideration of the Motion and the relevant legal authority, Defendants' Motion is

HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

On August 26, 2015, Plaintiff filed his "Verifiable Qui Tam Complaint for Employment Discrimination, Harassment Retroactive Back Pay, Fraud" ("Complaint").  Plaintiff and all of the individual Defendants are HAA employees: Plaintiff is a Supervisor H-5; Jost is the Director; Atherall is a Supervisor H-2, Chief of Security; Ferrara is the Human Resource Director; and Husband is a security officer.  [Complaint at ¶¶ 3, 5-8.]

Plaintiff asserts that he is a full-time HAA employee and is entitled to full benefits.  [Id. at ¶ 13.]  According to the Complaint, on or about May 2014, Plaintiff discovered that, in June and August 2006, he "worked 9 hours and was only paid for 8."  [Id. at ¶¶ 10-11.]  In addition, when he went into the company's payroll management system, he discovered that the records for that period were missing.  Plaintiff alleges that Defendants deprived him of overtime pay for that period through fraud.  Although the employee handbook states that a pay period starts on Sunday and ends on a Saturday, Plaintiff argues that the company's earnings statement shows that the actual pay periods are inconsistent the handbook.  [Id. at ¶¶ 11-12.]  He alleges that the pay periods "mov[e] around, skirting the 40 hour work week, depriving the plaintiff of overtime, by shifting the

pay period over to the next pay period, thereby losing those hours of overtime pay." [Id. at ¶ 12.]

Plaintiff also states that he "was allegedly shorted of most of his holiday pay by "one hour and a half (1.5)," *i.e.* he was only "paid for 6.5 hours." [Id. at ¶ 13.] He apparently questioned Ferrara about it, but she did not give him an answer. [Id. at ¶ 14.]

Plaintiff states that there was a June 18, 2011 memorandum directive from Jost regarding a mandated forty-hour work week for all HAA departments ("Forty-Hour Directive"). According to Plaintiff, Atherall received the directive, but did not make the required adjustments for the security department. Plaintiff and two other supervisors raised questions about the Forty-Hour Directive, but they were told that it did not apply to their department. Plaintiff, however, argues that there was no documentation to support the alleged exception. In April 2013, Plaintiff raised the issue again with Mike Chock, an Assistant Chief of Security, and Chock was surprised that Plaintiff and others in Atherall's department never received the mandated adjustment. Chock told Plaintiff that he would talk to Atherall about it. [Id. at ¶¶ 15-20.]

Plaintiff states that, on April 10, 2013, he received a notice from Atherall stating that Plaintiff's forty-hour adjustment would be effective May 1, 2013. Atherall verbally

informed him that HAA could not "pay back all the lost hours for the past years." [Id. at ¶ 21.] Plaintiff states that HAA job descriptions mandate a forty-hour work week, and there was a July 15, 2005 memorandum that "claim[ed] a 40 hour work week" and was posted on the bulletin board. [Id. at ¶ 22.] Atherall's statement troubled Plaintiff, and, on February 10, 2014, Plaintiff submitted an internal complaint to Atherall regarding the hours owed to him from July 15, 2005 to May 1, 2013. The internal complaint also addressed eight other security staff whose pay was allegedly affected in the same way. Plaintiff argues that the failure to pay for these uncompensated hours constitutes fraud. [Id.] He also argues that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, because, in addition to failing to compensate him for a forty-hour work week, they also avoided paying him overtime and holiday rates. [Id. at pg. 1.]

     HAA Deputy Director Wong replied later that day and informed Plaintiff that she would hold a meeting with Atherall and Ferrara the next day. On February 13, 2014, Plaintiff met with Ferrara, who informed him that the forty-hour work week was for salaried employees. Plaintiff asked why they were not given the forty-hour adjustment until May 1, 2013, while the Forty-Hour Directive gave a deadline of July 1, 2011. Ferrara told him that Wong decided to make the adjustment effective on May 1, 2013 for

security staff working less than forty hours per week.  Ferrara said that Plaintiff's internal complaint was unfounded, and HAA could not give back pay for hours that employees did not work.  Plaintiff argues that, during the meeting, Ferrara would not address the fact that the Forty-Hour Directive mandated the adjustment for all staff and was not limited to particular positions.  [Id. at ¶¶ 23-26.]

At some point after the meeting, Plaintiff was informed that he was protected by the whistle blower protection policy.  Ferrara told him that the next step in the internal complaint process was before Jost, but Jost never met with Plaintiff to address his internal complaint.  Plaintiffs filed the instant action because he is not satisfied with the outcome of his internal complaint.  [Id. at ¶¶ 27-28.]  Plaintiff alleges that Jost and Atherall violated the Forty-Hour Directive by: failing to make adjustments for the missing hours; and failing to pay overtime compensation that he could have earned if he had been working a forty-hour week.  [Id. at ¶ 29.]  He alleges that he is "still suffering the financial loss in retroactive accrual of back pay, with interest, work hours, overtime, sick leave, vacation pay, prospectively, with interest," and he argues that he would not have suffered these losses if HAA had honored the Forty-Hour Directive.  [Id. at ¶ 28.]

Plaintiff also alleges that he was "subjected to discrimination/fraud" in that he was assigned to work at special events without adequate compensation. [Id. at ¶ 30.] According to Plaintiff, Defendants conspired to avoid paying night differential compensation except to favored HAA employees. [Id. at ¶ 31.] Plaintiff also alleges that, on March 10, 2014, Husband accosted him in the security office, yelling at him and bullying him for twenty minutes. Plaintiff cited Husband for harassment and bullying. At the time of that incident, Husband was allegedly living at Atherall's apartment. Plaintiff provided the disciplinary report to Atherall. Plaintiff emphasizes that the report form includes a provision stating that: 1) an employee or volunteer filing a internal complaint would be provided with a summary of the findings of the investigation; and 2) if the employee or volunteer reported the allegedly unlawful activity, policy, or practice within a reasonable time to allow HAA the reasonable opportunity to investigate and correct the situation, HAA would not retaliate against him. Plaintiff alleges that Atherall did not comply with HAA policy in dealing with his internal complaint. [Id. at ¶¶ 33-37.]

Plaintiff states that this action "is a Qui tam, fraud suit, under 31 U.S.C. §§ 3729-3733, and [a] civil rights case." [Id. at pg. 1.] The Complaint alleges the following claims: Defendants violated federal and state labor laws by denying

Plaintiff pay for hours he worked and by denying him benefits ("Count I"); [id. at ¶¶ 41-43;] Defendants' denial of his pay and benefits was fraudulent and discriminatory ("Count II"); [id. at ¶¶ 44-45;] a claim that may be a breach of contract claim based on the alleged failure to comply with HAA policies ("Count III"); [id. at ¶¶ 46-47;] and a claim for punitive damages based on Defendants' allegedly wanton and malicious conduct ("Count IV") [id. at ¶ 48].  Plaintiff prays for the following relief: a declaratory judgment regarding Defendants' liability; an order requiring the individual Defendants to resign, without pension or severance benefits; an injunction prohibiting retaliation against Plaintiff and requiring Defendants to produce the policy at issue in this case; an award of back pay and benefits, with interest; compensatory damages of $1,500,000.00 against each of the individual Defendants, plus treble damages; $10,000,000.00 in damages against HAA, plus treble damages; punitive damages of $1,500,000.00 against each of the individual Defendants, and $10,000,000.00 against HAA; and costs of suit.  [Id. at ¶¶ 49-71.]

        In the instant Motion, Defendants argue that: 1) the action fails as a *qui tam* action because such actions enforce liability for certain acts and claims perpetrated against the federal government; 2) even if Plaintiff could bring a *qui tam* action for false claims, he failed to comply with the statutory

requirements for *qui tam* actions by a private person; 3) to the extent that Plaintiff alleges discrimination, harassment, and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") or Haw. Rev. Stat. Chapter 378, he failed to exhaust his administrative remedies; and Plaintiff's FLSA claims are barred by the statute of limitations.  Defendants ask this Court to dismiss Plaintiff's Complaint with prejudice.

## DISCUSSION

### I. *Qui Tam* Action

Plaintiff states that this is a *qui tam* action pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33.  The FCA imposes liability on "any person who" commits or conspires to commit the fraudulent acts described, including: "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval"; or "knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement material to a false or fraudulent claim."  31 U.S.C. § 3729(a)(1)(A)-(B).  However, the FCA addresses fraudulent acts committed against the **federal government**.  Section 3729(a)(1) states that the person who is liable for the fraudulent acts

> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-4101), plus 3 times the amount of damages which the Government sustains because of the act of that person.

"The FCA may be enforced not just through litigation brought by the Government itself, but also through civil *qui tam* actions that are filed by private parties, called relators, 'in the name of the Government.'"  Kellogg Brown & Root Servs., Inc. v. United States, ex rel. Carter, 135 S. Ct. 1970, 1973 (2015) (quoting 31 U.S.C. § 3730(b)).

Plaintiff has not brought this action on behalf of the federal government, nor does the Complaint allege any of the acts described in § 3729(a)(1).  In addition, Plaintiff did not follow the procedures for *qui tam* actions set forth in § 3730(b).  For example, § 3730(b)(2) states:

> A copy of the [*qui tam*] complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure.  The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.  The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(Footnote omitted.)

This Court therefore CONCLUDES that, to the extent Plaintiff's Complaint purports to be a *qui tam* action, it fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Further, this Court CONCLUDES that it is not possible for Plaintiff to cure the defects in his *qui tam* claims.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d

1109, 1117-18 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).  This Court therefore GRANTS Defendants' Motion, insofar as Plaintiff's *qui tam* claims are DISMISSED WITH PREJUDICE.

II. **Harassment/Retaliation and Discrimination**

Plaintiff alleges that he was harassed by Husband and that Atherall did not comply with HAA policy in dealing with Plaintiff's disciplinary report about the incident.  He also appears to allege that the failure to employ him for a forty-hour work week constitutes harassment.  [Complaint at ¶¶ 32-40.] Further, although it is not entirely clear, Plaintiff's references to the HAA anti-retaliation policy appear to indicate that he contends the alleged harassment was in retaliation for his internal complaint about the failure to comply with the Forty-Hour Directive.  Plaintiff also alleges that Defendants discriminated against him by: assigning him to special events and failing to pay him overtime compensation; and failing to give him a forty-hour work week in general.  [Id. at ¶¶ 30, 45.]  The Complaint, however, does not state what legal authority Plaintiff brings his harassment/retaliation claim and his discrimination claim under.

In the instant Motion, Defendants argue that these claims fail whether Plaintiff brings them under either under Title VII or Haw. Rev. Stat. § 378-2. To the extent that Plaintiff brings his claims under Title VII, this district court has recognized that:

> A plaintiff seeking redress for a Title VII claim in federal court must first exhaust her administrative remedies by filing a timely Charge with the [Equal Employment Opportunity Commission ("EEOC")]. 42 U.S.C. § 2000e-5(b); Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003), *as amended* (Jan. 2, 2004). A Charge is considered "filed" when the EEOC receives it. Sanchez v. Pac. Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998). Failure to file a timely Charge generally renders a court without subject matter jurisdiction to adjudicate those claims which fall outside the relevant filing deadline. Vasquez, 349 F.3d at 644.

Kim v. Coach, Inc., Civil No. 14-00574 HG-RLP, 2016 WL 544469, at *5 (D. Hawai`i Feb. 9, 2016). In addition, where

> the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e)(1).

Section 378-2 also requires the exhaustion of administrative remedies. <u>Decampo v. OS Rest. Servs., LLC</u>, Civ. No. 14-00092 ACK-BMK, 2014 WL 1691628, at *6 (D. Hawai`i Apr. 29, 2014) ("Hawaii law . . . requires a plaintiff to exhaust her administrative remedies before bringing a claim for discrimination pursuant to Hawaii Revised Statutes Chapter 378." (citing Haw. Rev. Stat. §§ 378-4, 368-11; <u>You v. Longs Drugs Stores California, LLC</u>, 937 F. Supp. 2d 1237, 1248 (D. Haw. 2013))).

Plaintiff's Complaint does not state that he exhausted his administrative remedies. Thus, whether he is asserting his harassment/retaliation claim and his discrimination claim under Title VII or Chapter 378, his claims fail as a matter of law. This Court therefore GRANTS the Motion insofar as Plaintiff's harassment/retaliation claim and his discrimination claim are DISMISSED.

Defendants argue that these claims should be dismissed with prejudice. Based on the existing record, it is difficult for this Court to see how Plaintiff could amend his Complaint to allege that he exhausted his administrative remedies. However, case law does not allow this Court to dismiss a claim with prejudice because there is a **low likelihood** that the plaintiff will be able to cure the defects by amendment. To justify dismissal with prejudice, this Court must conclude that the claim

12

could not be saved by **any** amendment.  This Court cannot make that conclusion.  This Court CONCLUDES that it is arguably possible for Plaintiff to cure the defect in his harassment/retaliation claim and his discrimination claim by alleging that he exhausted his administrative remedies before he filed this action.  The dismissal of these claims is therefore WITHOUT PREJUDICE.

This Court emphasizes that it makes no findings or conclusions regarding Plaintiff's harassment/retaliation claim and his discrimination claim beyond the exhaustion issue.

### III. **FLSA Claim**

Defendants next argue that Plaintiff's FLSA claim should be dismissed with prejudice because it is untimely.  This Court has stated:

> Generally, a two-year statute of limitations applies to cases brought under the FLSA.  29 U.S.C. § 255(a).  Where violations of the FLSA are willful, however, a three-year statute of limitations applies.  Id.  "A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'"  Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003) (alteration in Chao) (some citations omitted) (quoting McLaughlin [v. Richland Shoe Co.], 486 U.S. [128,] 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)); see also Solis v. Best Miracle Corp., 709 F. Supp. 2d 843, 858 (C.D. Cal. 2010) (citation omitted).  The Ninth Circuit has stated, "an employer need not knowingly have violated the FLSA; rather, the three-year term can apply where the employer disregarded the very 'possibility' that it was violating the statute . . . ."  Alvarez v. IBP, Inc., 339 F.3d 894, 908-09 (2003) (citations omitted).

Perez v. Pac. Ohana Hostel Corp., Civil No. 13-00324 LEK, 2013 WL 6862684, at *5 (D. Hawai`i Dec. 27, 2013) (some alterations in Perez).

      This Court agrees with Defendants that Plaintiff's FLSA claims are based on the following factual allegations: the failure to pay him for certain hours worked in June and August 2006; the failure to implement a forty-hour work week for all employees in the HAA security department from July 15, 2005 to May 1, 2013; and, as the result of the denial of a forty-hour work week, the denial of overtime and holiday pay. Plaintiff's Complaint does not include any allegations that would support a finding that his FLSA claims arose out of a "willful violation." Thus, this Court concludes that the two-year limitations period applies.

      Plaintiff did not file his Complaint until August 26, 2015. The portion of Plaintiff's FLSA claims based on the denial of pay for overtime hours worked in June and August 2006 is clearly time barred, even if the three-year limitations period applied. Plaintiff was given a forty-hour work week effective May 1, 2013. Based on the allegations of the Complaint, he presumably received any overtime and holiday pay that he was entitled to after he began working a forty-hour week on May 1, 2013. Plaintiff failed to file this action within two years after that date. This Court therefore CONCLUDES that these

14

portions of Plaintiff's FLSA claim are time barred, and must be dismissed.

This Court also CONCLUDES that it is not possible for Plaintiff to cure the statute of limitations defect as to the portion of his FLSA claim based on the denial of overtime pay for hours worked in June and August 2006. However, this Court CONCLUDES that it is arguably possible for Plaintiff to amend his Complaint to allege that the denial of a forty-hour work week and the denial of overtime and holiday pay were willful violations, triggering the three-year limitations period. Thus, as to the portions of Plaintiff's FLSA claim based on the denial of a forty-hour work week and the denial of overtime and holiday pay that accrued within the three-year period before August 26, 2015, this Court CONCLUDES that it is arguably possible to amend the Complaint to cure the statute of limitations defect. As to the remaining portions of the FLSA claim regarding the denial of a forty-hour work week and the denial of overtime and holiday pay, this Court CONCLUDES that it is not possible for Plaintiff to cure the defects in the claim by amendment.

The portions of Plaintiff's FLSA claim regarding the denial of a forty-hour work week and the denial of overtime and holiday pay within three years of August 26, 205 are DISMISSED WITHOUT PREJUDICE. All other portions of the claim are DISMISSED WITH PREJUDICE.

**IV. Other Claims**

This Court has stated that Count III may be a breach of contract claim. To the extent that it is unclear what claim Count III alleges, this Court CONCLUDES that it fails to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))). Because it is unclear what claim Count III alleges, this Court cannot give Plaintiff specific notice of the claim's deficiencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). However, this Court also cannot conclude that it is absolutely clear that no amendment can cure the defects in Count III. This Court therefore DISMISSES Count III WITHOUT PREJUDICE.

In addition, Count IV alleges a claim for punitive damages. This district court has stated: "A claim for punitive damages is not an independent tort, but a remedy that is incidental to another cause of action." Liberty Mut. Ins. Co. v. Sumo-Nan LLC, Civil No. 14-00520 DKW-KSC, 2015 WL 2449480, at *6

16

(D. Hawai`i May 20, 2015) (some citations omitted) (citing Ross v. Stouffer Hotel Co. (Hawai`i) Ltd., 879 P.2d 1037, 1049 (Haw. 1994); United States ex rel. Lockyer v. Haw. Pac. Health, 490 F. Supp. 2d 1062, 1088-89 (D. Haw. 2007)).  This Court therefore DISMISSES Count IV WITH PREJUDICE.  However, this Court emphasizes that Plaintiff could still include a request for punitive damages in his prayer for relief, if the substantive claims alleged in his amended complaint would support such an award.

Finally, this Court notes that, although there is no numbered claim alleging a civil rights violation, Plaintiff alleges that this is a "civil rights case," and he includes a request for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 within his prayer for relief.  [Complaint at pg. 1; id. at ¶ 71.]  Plaintiff may have intended to allege a claim pursuant to 42 U.S.C. § 1983.  However, because Plaintiff clearly presented certain claims as numbered counts and did not include a civil rights claim among them, this Court does not construe the Complaint as alleging a § 1983 claim.  In order to provide Plaintiff with guidance in preparing his amended complaint, this Court also notes that: "To state a valid cause of action under 42 U.S.C. § 1983 for deprivation of a constitutional right, Plaintiffs must demonstrate that the deprivation occurs 'under color of any statute, ordinance, regulation, custom, or usage of

17

any State[.]'" See Yellen v. Hara, CIVIL NO. 15-00300 JMS-KSC, 2015 WL 8664200, at *12 (D. Hawai`i Dec. 10, 2015) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982)). The Complaint does not include any allegations that would support finding that Defendants were acting under color of law in the events at issue in this case.

**V.     Summary and Leave to Amend**

The Motion is GRANTED insofar as: all portions of Plaintiff's Complaint are HEREBY DISMISSED; the dismissal of Plaintiff's *qui tam* claims is WITH PREJUDICE; all portions of Plaintiff's FLSA claim, except the portions regarding the denial of a forty-hour work week and the denial of overtime and holiday pay within three years prior to August 26, 2015, are DISMISSED WITH PREJUDICE; and Count IV – Plaintiff's claim for punitive damages – is DISMISSED WITH PREJUDICE. The Motion is DENIED insofar as the dismissal of all other portions of the Complaint is WITHOUT PREJUDICE.

This Court ORDERS Plaintiff to file his amended complaint by **April 12, 2016**. This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **April 12, 2016**, all of the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case. In other words, Plaintiff would have no remaining

claims in this case.  This Court also CAUTIONS Plaintiff that, as to any claim that was dismissed without prejudice, if the amended complaint fails to cure the defects identified in this Order, the claim may be dismissed with prejudice.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss Verifiable Qui Tam Complaint for Employment Fraud, Harassment, Discrimination, Retroactive Back Pay, Fraud, filed January 12, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART. Plaintiff must file his amended complaint, consistent with the terms of this Order, by no later than **April 12, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 29, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JAMES J. NAVAJA VS. HONOLULU ACADEMY OF ARTS, ET AL; CIVIL 15-00344 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS VERIFIABLE QUI TAM COMPLAINT FOR EMPLOYMENT FRAUD, HARASSMENT, DISCRIMINATION, RETROACTIVE BACK PAY, FRAUD**