IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES J. NAVAJA, | ) | CIVIL 15-00344 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HONOLULU ACADEMY OF ARTS, | ) | |
| STEPHAN JOST DIRECTOR, | ) | |
| CHRIS ATHERALL, | ) | |
| LINDA FERRARA, JAME HUSBAND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**
**THE COURT'S ORDER AND REVISIT THE PLAINTIFF'S CLAIMS**

On February 29, 2019, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Verifiable Qui Tam Complaint for Employment Fraud, Harassment, Discrimination, Retroactive Back Pay, Fraud ("2/29/16 Order"). [Dkt. no. 21.[1]] On March 9, 2019, pro se Plaintiff James J. Navaja ("Plaintiff") filed a motion for reconsideration of the 2/29/16 Order ("Motion for Reconsideration"). [Dkt. no. 23.] On March 28, 2016, Defendants Honolulu Academy of Arts ("HAA"), Stephan Jost, Chris Atherall, Linda Ferrara, and Jame Husband ("Defendants") filed their memorandum in opposition to the Motion for Reconsideration. [Dkt. no. 26.] The Court has considered the Motion for Reconsideration as a non-hearing matter

---

[1] The 2/29/16 Order is also available at 2016 WL 843250.

pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion, supporting and opposing documents, and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On August 26, 2015, Plaintiff filed his "Verifiable Qui Tam Complaint for Employment Discrimination, Harassment Retroactive Back Pay, Fraud" ("Complaint") against his employer, HAA, and other HAA employees. Plaintiff's claims arise from: the alleged failure to compensate him for hours that he worked; the refusal to give him, and others, a forty-hour work week; the denial of benefits associated with a forty-hour work week; and the alleged failure to follow HAA policies regarding internal complaints.

Defendants filed their Motion to Dismiss Verifiable Qui Tam Complaint for Employment Fraud, Harassment, Discrimination, Retroactive Back Pay, Fraud ("Motion to Dismiss") on January 12, 2016. [Dkt. no. 18.] In the 2/29/16 Order, this Court granted the Motion to Dismiss in part and denied it in part, and dismissed the Complaint in its entirety. Specifically, this Court:

-dismissed Plaintiff's *qui tam* claims because Plaintiff did not bring this action on behalf of the federal government, he did not allege any of the acts described in 31 U.S.C. § 3729(a)(1), and he did not follow the required procedures for bringing a *qui tam* action; [2/29/16 Order at 8-10;]

-dismissed Plaintiff's harassment/retaliation claim and his discrimination claim because, whether he brought those claims under Title VII of the Civil Rights Act of 1964 ("Title VII") or Haw. Rev. Stat. Chapter 378, he was required to exhaust his administrative remedies prior to filing this action, and the Complaint did not allege that he did so; [id. at 10-13;]

-dismissed Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, because they were untimely; [id. at 13-15;]

-dismissed Count III of the Complaint because it was unclear what claim Plaintiff was alleging in that Count; [id. at 16;]

-dismissed Plaintiff's claim for punitive damages because punitive damages is a form of relief, not an independent cause of action; [id. at 16-17;] and

-although the Complaint stated that this was a "civil rights case," [Complaint at pg. 1,] this Court stated that it did not construe the Complaint as alleging a 42 U.S.C. § 1983 claim [2/29/16 Order at 17].

The dismissal of the *qui tam* claims, the claim for punitive damages, and all portions of the FLSA claim – except for the portions regarding the denial of a forty-hour work week and associated benefits within three years prior to August 26, 2015 – were dismissed with prejudice.  All other portions of the Complaint were dismissed without prejudice.  This Court gave Plaintiff until April 12, 2016 to file an amended complaint.[2]

---

[2] In light of the pending Motion for Reconsideration,
(continued...)

[Id. at 18.]

In the Motion for Reconsideration, Plaintiff argues that this Court erred in dismissing his harassment/retaliation claim and his discrimination claim because: the United States Constitution does not require exhaustion of remedies; he did exhaust his remedies under state law by filing actions in state court; and he is bringing these claims pursuant to the Hawai`i Whistleblowers Protection Act ("HWPA"), Haw. Rev. Stat. § 378-61, *et seq.*  He also argues that this Court erred in ruling that he failed to follow the required procedures for a *qui tam* action because he did so in the state court action.  As to the FLSA claim, Plaintiff argues that it is timely because he did not discover the basis for this claim until around April 10, 2014.

## **STANDARD**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted).  This district court

---

²(...continued)
Plaintiff did not file an amended complaint by the April 12, 2016 deadline.

4

>     recognizes three circumstances where it is proper
>     to grant reconsideration of an order: "(1) when
>     there has been an intervening change of
>     controlling law; (2) new evidence has come to
>     light; or (3) when necessary to correct a clear
>     error or prevent manifest injustice." Tierney v.
>     Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585,
>     at *1 (D. Hawaii May 1, 2013) (citing School
>     District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262
>     (9th Cir. 1993)).  "Mere disagreement with a
>     previous order is an insufficient basis for
>     reconsideration." Davis, 2014 WL 2468348, at *3
>     n.4 (citations and internal quotation marks
>     omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

## **DISCUSSION**

I. **"Exhaustion" of the *Qui tam* Claims**

In the 2/29/16 Order, this Court noted that "Plaintiff did not follow the procedures for *qui tam* actions set forth in [31 U.S.C.] § 3730(b)." [2/29/216 Order at 9.] Plaintiff argues that this "decision on exhaust should be vacated" because he filed a *qui tam* action in state court, Navaja v. Honolulu Academy of Arts, et al., Civil No. 14-1-1773-08 GWBC, but his motion to seal the case was denied. [Motion for Reconsideration at 2.] However, the fact that Plaintiff filed another *qui tam* action in state court does not prove that he satisfied the § 3730(b)(2) requirements for the *qui tam* action currently before this Court.

In addition to the failure to follow the § 3730(b)(2) procedures, this Court dismissed Plaintiff's *qui tam* claims because he did bring the Complaint on behalf of the federal government, and because the Complaint does not allege fraud against the federal government, as described in § 3729(a)(1). [2/29/16 Order at 9.] The Motion for Reconsideration does not address those grounds for the dismissal of the *qui tam* claims.

This Court FINDS that Plaintiff has not presented any change in the controlling law or newly discovered evidence since this Court issued the 2/29/16 Order, nor has he established that this Court committed a clear error when it dismissed his *qui tam* claims with prejudice. This Court therefore CONCLUDES that Plaintiff is not entitled to reconsideration of the 2/29/16 Order as to the dismissal of his *qui tam* claims.

## II. Exhaustion of Plaintiff's Discrimination, Harassment, and Retaliation Claims

This Court recognized in the 2/29/16 Order that it was unclear what legal authority Plaintiff brought his harassment/retaliation claim and his discrimination claim under. [2/29/16 Order at 10.] This Court construed those claims as claims pursuant to Title VII and Chapter 378. To the extent that Plaintiff intended to allege claims pursuant to the HWPA, this Court could not determine Plaintiff's intent from the Complaint. This Court therefore does not construe the Complaint as alleging

6

any HWPA claims, and this Court will not address the issue of exhaustion as to any HWPA claims.  If Plaintiff wishes to allege HWPA claims, he should expressly state those claims in his amended complaint.

Both Title VII and Chapter 378 contain requirements that a plaintiff exhaust his **administrative** remedies before filing a claim in court.  See 2/29/16 Order at 11-12 (discussing relevant case law and statutes).  In order to obtain relief under either Title VII or Chapter 378, Plaintiff must comply with those requirements.  The fact that the United States Constitution does not contain an exhaustion requirement does not invalidate the exhaustion requirements in Title VII and Chapter 378.[3]  Further, the fact that Plaintiff filed discrimination, harassment, and retaliation claims in state court before filing this action is not a substitute for the filing of a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Hawai`i Civil Rights Commission ("HCRC").  See, e.g., Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 644 (9th Cir.

---

[3] Plaintiff states he "has a right under the Fourteenth Amendment's equal protection and the right to sue under the First and Seventh amendment to sue under the constitution." [Motion for Reconsideration at 1.]  This Court recognized that Plaintiff may have been attempting to allege claims for constitutional violations pursuant to § 1983, but this Court could not construe the Complaint as alleging a § 1983 claim.  [2/29/16 Order at 17.]  If Plaintiff wishes to allege a § 1983 claim, he should expressly state that claim in his amended complaint.

2003) ("To establish subject matter jurisdiction over his Title VII retaliation claim, [the plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC.").

This Court FINDS that Plaintiff has not presented any change in the controlling law or newly discovered evidence since this Court issued the 2/29/16 Order, nor has he established that this Court committed a clear error when it dismissed his discrimination, harassment, and retaliation claims. This Court therefore CONCLUDES that Plaintiff is not entitled to reconsideration of the 2/29/16 Order as to the dismissal of his discrimination, harassment, and retaliation claims.

### III. **FLSA Claims**

This Court stated that Plaintiff's FLSA claims are based on the following factual allegations: the failure to pay him for certain hours worked in June and August 2006; the failure to implement a forty-hour work week for all employees in the HAA security department from July 15, 2005 to May 1, 2013; and the denial of benefits associated with a forty-hour work week. [2/29/16 Order at 14.] Plaintiff argues that his FLSA claims were timely because they did not accrue until he discovered them around April 10, 2014. [Motion for Reconsideration at 2.] Plaintiff is incorrect. The Ninth Circuit has stated that a new FLSA claim "accrues at each payday immediately following the work

period for which compensation is owed." <u>Dent v. Cox Commc'ns Las Vegas, Inc.</u>, 502 F.3d 1141, 1144 (9th Cir. 2007).

This Court FINDS that Plaintiff has not presented any change in the controlling law or newly discovered evidence since this Court issued the 2/29/16 Order, nor has he established that this Court committed a clear error when it dismissed his FLSA claims. This Court therefore CONCLUDES that Plaintiff is not entitled to reconsideration of the 2/29/16 Order as to the dismissal of his FLSA claims.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Reconsider the Court's Order and Revisit the Plaintiff's Claims, filed March 9, 2016, is HEREBY DENIED in its entirety.

In light of the denial of the Motion for Reconsideration, this Court ORDERS Plaintiff to file his amended complaint – consistent with the rulings in the 2/29/16 Order – by **May 18, 2016**. This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **May 18, 2016**, all of the claims that this Court dismissed without prejudice in the 2/29/16 Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case. In other words, Plaintiff would have no remaining claims in this case. This Court also CAUTIONS Plaintiff that, as to any claim

that was dismissed without prejudice in the 2/29/16 Order, if the amended complaint fails to cure the defects identified in that order, the claim may be dismissed with prejudice.

     IT IS SO ORDERED.

     DATED AT HONOLULU, HAWAII, April 18, 2016.



     /s/ Leslie E. Kobayashi
     Leslie E. Kobayashi
     United States District Judge

**JAMES J. NAVAJA VS. HONOLULU ACADEMY OF ARTS, ET AL; CIVIL 15-00344 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER AND REVISIT THE PLAINTIFF'S CLAIMS**