```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

JAMES J. NAVAJA,                  )    CIVIL 15-00344 LEK-RLP
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
HONOLULU ACADEMY OF ARTS,         )
STEPHAN JOST DIRECTOR,            )
CHRIS ATHERALL,                   )
LINDA FERRARA, JAME HUSBAND,      )
                                  )
          Defendants.             )
_____     )
```

**ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION OF THE JUDGES ORDER AND ALLOWING THE PLAINTIFF TO AMEND HIS COMPLAINT WITH THE FINDINGS OF THE U.S. DEPT OF LABOR REPORTS"**

On March 9, 2017, this Court issued its Order Granting Defendants' Motion to Dismiss Amended Verifiable Complaint for Employment Harassment, Discrimination, Retroactive Back Pay ("3/9/17 Order").[1] [Dkt. no. 52.] On March 23, 2017, pro se Plaintiff James J. Navaja ("Plaintiff") filed a motion for reconsideration of the 3/9/17 Order ("Motion for Reconsideration"). [Dkt. no. 53.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to

---

[1] Plaintiff filed his "Amended Verifiable Complaint for Employment Discrimination, Harassment Retroactive Back Pay" ("Amended Complaint") on September 28, 2016. [Dkt. no. 45.] Defendants Honolulu Academy of Arts ("HAA"), Stephan Jost ("Jost"), Chris Atherall, Linda Ferrara, and Jame Husband ("Defendants") filed their Motion to Dismiss Amended Verifiable Complaint for Employment Harassment, Discrimination, Retroactive Back Pay ("Second Motion to Dismiss") on October 12, 2016. [Dkt. no. 46.]

Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

**DISCUSSION**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014). Further, "reconsideration may not be based on evidence and legal arguments that a movant could have presented at the

time of the challenged decision." Wereb v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

In the instant Motion for Reconsideration, Plaintiff argues that this Court should reconsider the 3/9/17 Order and allow him to file an amended complaint which includes the findings from the United States Department of Labor's ("DoL") investigation of HAA. Plaintiff argues that this will establish "Plaintiff's compliance with this court in exhausting all his required remedies." [Motion for Reconsideration at 1.]

First, this is an argument that Plaintiff could have raised when the Second Motion to Dismiss was pending before this Court. However, Plaintiff did not file a response to the Second Motion to Dismiss. See 3/9/17 Order at 1. This Court therefore cannot grant reconsideration of the 3/9/17 Order based on this argument. See Wereb, 830 F. Supp. 2d at 1031.

Second, even though Plaintiff did not file a response to the Second Motion to Dismiss, this Court anticipated the argument which Plaintiff now makes in the Motion for Reconsideration. This Court rejected that argument in the 3/9/17 Order. The 3/9/17 Order noted that, in this Court's February 29, 2016 order ruling on Defendants' first motion to dismiss

3

("2/29/16 Order"),[2] [dkt. no. 21,]:

> [T]his Court dismissed Plaintiff's discrimination claim and harassment/retaliation claim because the Complaint did not allege that he exhausted his administrative remedies. This Court gave him leave to amend the claims to cure the defect. [2/29/16 Order at 12-13.] Specifically, this Court stated Plaintiff had "to cure the defect in his harassment/retaliation claim and his discrimination claim by alleging that he exhausted his administrative remedies **before** he filed this action." [Id. at 13 (emphasis added).]

[3/9/17 Order at 8.] This Court noted that: the Amended Complaint did not address whether Plaintiff exhausted his administrative remedies before filing the original Complaint; Plaintiff stated in a filing submitted to the magistrate judge that DoL was investigating Defendants, and Plaintiff was planning to seek leave to amend his complaint to incorporate DoL's findings; and Plaintiff believed that this Court "'gave [him] time to exhaust his administrative procedures with the outside agencies.'" [Id. at 8-9 (quoting Pltf.'s Scheduling Conference Statement, filed 11/15/16 (dkt. no. 49), at 1).] This Court expressly stated that Plaintiff was "**mistaken** . . . that attempting to exhaust his administrative remedies during the pendency of this action would cure the defect in his

---

[2] On August 26, 2015, Plaintiff filed his "Verifiable Qui Tam Complaint for Employment Discrimination, Harassment Retroactive Back Pay, Fraud" ("Complaint"). [Dkt. no. 1.] On January 12, 2016, Defendants filed a motion to dismiss the original Complaint ("First Motion to Dismiss"). [Dkt. no. 18.] As with the Second Motion to Dismiss, Plaintiff did not file a response to the First Motion to Dismiss. See 2/29/16 Order at 1.

4

harassment/retaliation claim and his discrimination claim." [Id. at 8 (emphasis added).]  This Court concluded that Plaintiff had failed to cure the exhaustion defect in his discrimination claim and his harassment/retaliation claim and that he could not cure the defect through further amendment.  [Id. at 9.]  Thus, this Court has already rejected the argument that Plaintiff raises in the Motion for Reconsideration, and Plaintiff's mere disagreement with this Court's ruling is not grounds for reconsideration of the 3/9/17 Order.  See Davis, 2014 WL 2468348, at *3 n.4

This Court therefore CONCLUDES that Plaintiff has not established an intervening change in the controlling law, the discovery of newly available evidence, or that reconsideration is necessary to correct a clear error or prevent manifest injustice. See Tierney, 2013 WL 1858585, at *1.  Plaintiff has not established any ground that warrants reconsideration of the 3/9/17 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's "Motion for Reconsideration of the Judges Order and Allowing the Plaintiff to Amend His Complaint with the Findings of the U.S. Dept of Labor Reports," filed March 23, 2017, is HEREBY DENIED.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 28, 2017.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JAMES J. NAVAJA VS. HONOLULU ACADEMY OF ARTS, ET AL; CIVIL 15-00344 LEK-RLP; ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION OF THE JUDGES ORDER AND ALLOWING PLAINTIFF TO AMEND HIS COMPLIANT WITH THE FINDINGS OF THE U.S. DEPT OF LABOR REPORTS"**